UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES RICHARD WHIPPLE, | ) | 1:11-cv-00978 LJO MJS HC |
| Petitioner, | ) ) ) | ORDER GRANTING MOTION FOR RECONSIDERATION |
| v. | ) ) ) ) | ORDER TRANSFERRING PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT |
| DOMINGO URIBE, JR., | ) ) | (Doc. 10) |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 20, 2011, the undersigned dismissed the petition as successive under 28 U.S.C. § 2244(b)(1). On February 28, 2013, Petitioner filed a motion for reconsideration pursuant to Federal Rules of Civil Procedure § 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

-1-

      (1) mistake, inadvertence, surprise, or excusable neglect;

      (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

      (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

      (4) the judgment is void;

      (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

      (6) any other reason that justifies relief.

Petitioner does not object to the Court's finding that the petition was successive. Instead he seeks reconsideration of the dismissal of the Petition and requests that it be transferred in the interests of justice to the Court of Appeals for the Ninth Circuit. 28 U.S.C. § 1631, entitled "transfer to cure want of jurisdiction," provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in. . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The legislative history of § 1631 indicates that "Congress contemplated that the provision would aid litigants who were confused about the proper forum for review." American Beef Packers, Inc. v. I.C.C., 711 F.2d 388, 390 (D.C. Cir. 1983) (per curiam) (citing S. Rep. No. 275, 97th Cong., 2d Sess. 11 (1981), reprinted in 1982 U.S.C.C.A.N. 11, 21). In determining whether a transfer is in the interest of justice, the equities of dismissing a claim when it could be transferred should be carefully weighed. Franchi v. Manbeck, 947 F.2d 631, 634 (2d Cir. 1991) (citing Hempstead County and Nevada County Project v. EPA, 700 F.2d 459, 463 (8th Cir. 1983)). Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, see id., and a finding that the original action was filed in good faith, see Hempstead County, 700 F.2d at 463. Petitioner, in his motion for reconsideration, asserts that he filed his only copy of the motion with this Court.

This application should have been filed in the Ninth Circuit, not in this Court. Having Provided good cause, the Court grants Petitioner's motion for Reconsideration. Accordingly, this action shall be transferred, pursuant to 28 U.S.C. § 1631, to the Ninth Circuit Court of Appeals. See United States v. Barrett, 178 F.3d 34, 41 n.1 (1st Cir. 1999); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997); Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996).

Accordingly, Petitioner's motion for reconsideration is GRANTED and the Petition for Writ of Habeas Corpus is hereby TRANSFERRED to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

**Dated:   March 29, 2013**          /s/  **Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE